| | |
|---|---|
| JOSEPH WAYNE RIDDLE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>C.J. WILSON, et al., )<br>)<br>Defendant. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel [Doc. 26] and Plaintiff's (Second) Motion to for Appointment of Counsel. [Doc. 27].

**I.  BACKGROUND**

Pro se Plaintiff Joseph Wayne Riddle ("Plaintiff") is a prisoner of North Carolina currently incarcerated at Granville Correctional Institution ("Granville CI") in Butner, North Carolina.[1] He filed this lawsuit pursuant to 42 U.S.C. § 1983 on April 17, 2024. [Doc. 1]. After amending and supplementing his Complaint, he now proceeds on Fourth Amendment and state law assault and battery claims against Defendant C.J. Wilson for a sexual assault Plaintiff alleges occurred during a Terry pat-down incident to Plaintiff's arrest on September 23, 2023, at the Price's Creek Store in Burnsville, North Carolina; on a First Amendment retaliation claim against Defendant Levi Johnson for Johnson's alleged retaliation for Plaintiff's related grievance; a First Amendment retaliation claim against Defendant Mark Gouge for allegedly threatening Plaintiff with a sledgehammer at the Jail on May 1, 2023, after the Plaintiff filed the

---

[1] Until recently, Plaintiff was detained at the Yancey County Jail (the "Jail") in Burnsville, North Carolina. The North Carolina Department of Correction Inmate Locator website shows that Plaintiff was transferred to Granville CI on December 17, 2024.

Complaint in this matter; and on a Fourteenth Amendment excessive force claim against Defendant Gouge for allegedly macing Plaintiff without provocation on May 23, 2024. [Docs. 18, 20]. Plaintiff proceeds against Defendants in their individual capacities only. [Doc. 18 at 3 n.2; see Doc. 6 at 4].

In July 2024, Plaintiff notified the Court of his new address at the McDowell County Jail in Marion, North Carolina. [Doc. 11]. In August 2024, the Court denied Plaintiff's first motion for appointment of counsel for lack of extraordinary circumstances warranting appointment of counsel. [Docs. 14, 15]. The Pretrial Order and Case Management Plan (PTOCMP) in this case set the discovery deadline as November 20, 2024. [Doc. 13]. It provided, in pertinent part, that "[e]ach party may propound no more than **twenty (20) single part** interrogatories." [Id. at 2 (emphasis in original)]. On October 16, 2024, the Court granted Defendants' motion for an extension of time to respond to the Plaintiff's discovery request to November 22, 2024.[2] [10/16/2024 Text Order]. Defendants did not serve their discovery responses on Plaintiff until November 25, 2024. [Doc. 29 at 2].

On December 9, 2024, Plaintiff filed the pending motion to compel discovery responses from Defendants. [Doc. 26; see Doc. 26-1]. As grounds to compel, Plaintiff asserts that Defendants improperly objected to certain requests and failed to produce discoverable video footage.[3] [See Doc. 26]. Specifically, Plaintiff complains that (1) Defendant Wilson failed to respond to Interrogatory No. 11, which asked whether it was "constitutional law that you only

---

[2] Defendants received Plaintiff's undated discovery request by mail on October 2, 2024. Defendants are in Yancey County, North Carolina, which was without cell service and internet in the aftermath of Hurricane Helene and were unable to assist counsel with responses to Plaintiff's requests. [Doc. 24].

[3] Plaintiff provided only a handwritten recitation of the disputed requests and responses, not the complete discovery request with Defendants' responses. Defendants, however, do not dispute the accuracy of the Plaintiff's recitation and did not provide a complete copy of their responses with their response to Plaintiff's motion.

2

Case 1:24-cv-00115-GCM   Document 32   Filed 01/13/25   Page 2 of 9

use the back of your hand to touch someone's genitals in a pat down," based on his "knowledge of the law;" (2) that Defendant Wilson improperly objected to Interrogatories No. 12 and 13, in which Plaintiff sought information regarding the Defendants' personal, non-work relationship and whether such relationship caused Plaintiff's "sexual assault allegations to stall and/or prevent [an] investigation" thereof; (3) that Defendants improperly objected to answering forty (40) Interrogatories propounded by Plaintiff[4] on the ground that the Court's PTOCMP allowed only twenty (20) interrogatories; (4) that Defendants improperly withheld production of the dash and body camera footage requested in Interrogatory Nos. 61, 62, 63, 64 and the surveillance footage from the Jail requested in Interrogatory Nos. 68, 69, and 80; (5) that Defendants failed to produce video footage Plaintiff requested in Interrogatory No. 65 from Price's Creek Store where the alleged sexual assault occurred; (6) that Defendants improperly objected to Plaintiff's request No. 72 for the "Yancey County Sexual Assault Procedure Policy;" (7) that Defendants improperly objected to Plaintiff's request No. 82 for documentation of "[a]ny and all … accusations or other allegation claims, current or past made against the Defendants[.];" and (8) that Defendants improperly objected to Plaintiff's Interrogatory No. 7 requesting "[a] list of all blocked numbers from the phone system at the Yancey County Jail as of June 28, 2024." [Doc. 26]. Plaintiff seeks no extension of the deadline to complete discovery and presents no grounds in support thereof. [See id.].

---

[4] Plaintiff's motion is ambiguous on the number of Interrogatories to which Defendants refused to respond. On one instance, he complains that Defendants objected to answering 40 of his Interrogatories and then a few lines later complains that "[w]ithout the Answers to Interrogatories to 21-84 the discovery is missing 2/3's of its critical and vital information." [Doc. 26 at 3]. Moreover, the disputed requests to which Defendants provided at least some response number to at least eighty-two (82). [See id. at 8]. As such, without a complete copy of the discovery request and Defendants' responses, the Court cannot decipher the full nature of Plaintiff's complaints here or the degree to which Defendants responded to excess Interrogatories, if at all.

Plaintiff also moves again for appointment of counsel. [Doc. 27]. Specifically, he asks the Court to appoint the North Carolina Prisoner Legal Services (NCPLS) to represent him in this matter. [Id. at 4]. As grounds, Plaintiff asserts that "he cannot compete with [the] level of knowledge of the law" by Defendants and their lawyers, which "can keep vital evidence hidden from the trial, to hide their guilt;" that any shortcomings in Plaintiff's presentation of his case are due to lack of proper education and training; that at the McDowell County Jail Plaintiff is unable to review discovery and other materials not provided to him on paper; that Plaintiff needs someone with legal training to cross-examine Defendants on conflicting evidence; that Plaintiff has requested and been denied legal services by other entities; and that the NCPLS advised Plaintiff that it could assist him but has to have a Court order to get involved in a civil action. [Id. at 2-4].

Defendants responded to Plaintiff's motion to compel. [Doc. 29]. Defendants argue that the Court should deny Plaintiff's motion because he failed to attempt to confer with Defendants before filing the motion as required by Federal Rule Civil Procedure 37(a)(1) and did not include the requisite certification. [Id. at 2]. Defendants also substantively respond to Plaintiff's motion. Defendants argue that Plaintiff's motion should be denied because the video footage captured on dash and body cameras from the night of Plaintiff's arrest and from the Jail at various times is protected by N.C. Gen. Stat. § 132-1.4A and only subject to production on court order under § 132-1.4A(f). [Id. at 7]. Defendants also argue that the Court should not compel release of the requested recordings because criminal proceedings against the Plaintiff are ongoing. [Id.]. Defendants argue that they are not required to produce all grievances and complaints against them because their personnel files are protected by N.C. Gen. Stat. § 153A-98 and open to inspection on a court order. Defendants also objected to this request as overly broad and unduly

4

burdensome. [Id. at 8]. As for the other disputed requests, Defendants argue that Plaintiff's requests regarding the Defendants' personal relationship seeks information that is irrelevant and not calculated to lead to the admissible evidence; that Plaintiff's request for the Yancey County Sexual Assault Policy, as requested, is overbroad, irrelevant, and not designed to lead to the discovery of admissible evidence; that Plaintiff's request for all blocked numbers at the Jail seeks information that is wholly irrelevant and that Defendants do not possess such a list in any event; and, pursuant to the Court's PTOCMP, they were not required to answer Plaintiff's sixty (60) excess interrogatories. [Doc. 29]. Plaintiff did not file a reply.

## II. DISCUSSION

The Court will first address Plaintiff's motion for appointment of counsel. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The existence of exceptional circumstances in each case "hinges on characteristics of the claim and the litigant." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). To make this determination, a court must collectively assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Jenkins v. Woodard, 109 F.4th 242, 248 (4th Cir. 2024) (citing Brock v. City of Richmond, 983 F.2d 1055, 1055 (4th Cir. 1993) (per curiam)). "The district court's failure to make these assessments is legal error." Id. Where a pro se plaintiff presents a colorable claim but "lacks the capacity to present it" in light of the objective complexity of the

claim and the plaintiff's subjective abilities, the case presents "exceptional circumstances." Id. at 247 (quoting Whisenant, 739 F.2d at 162).

As for Plaintiff's concern about being able to view video evidence produced to him, he has since been transferred to the custody of the North Carolina Department of Adult Correction (NCDAC).  In the Court's experience, to the extent Plaintiff had obtained video footage in discovery, North Carolina prison facilities will coordinate with defense counsel to ensure a prisoner plaintiff has the opportunity to view video footage produced in discovery, especially on order of the Court.

Moreover, the Court is unaware of any requirement that it must order that the NCPLS be allowed to represent the Plaintiff here.  While the Western District and the NCPLS have an agreement pursuant to which the Court may appoint the NCPLS to represent prisoner plaintiffs for the purpose of discovery in actions brought against employees of the NCDAC, i.e., prison officials, such agreement does not relate to claims against county jail officials or sheriff's office employees. [Misc. Case No. 3:19-mc-00060-FDW, Doc. 1].  As for cross-examining witnesses at trial, as the Court previously advised the Plaintiff, the Court may appoint counsel for Plaintiff through the Prisoner Assistance Program (PAP) if this matter proceeds to trial.  [Misc. Case No. 3:19-mc-00013-MR, Docs. 2, 5].  For these reasons, the Court will deny the Plaintiff's motion for appointment of counsel at this stage of the proceedings.

Second, the Court addresses Plaintiff's motion to compel discovery responses.  The Plaintiff does not certify that he attempted in good faith to resolve the discovery disputes before engaging the Court's assistance as required by Federal Rule of Civil Procedure 37(a)(1).  See also LCvR 7.1(b) (this Court's local civil rules require that a non-dispositive civil motion "must show that counsel have conferred and attempted in good faith to resolve areas of disagreement or

describe the timely attempts of the movant to confer with opposing counsel," motions that fail to do so "may be summarily denied."); Miller v. Wal-Mart, No. 1:13cv46, 2014 WL 4545687 (W.D.N.C. Sept. 12, 2014) (denying pro se plaintiff's motion to compel discovery where the plaintiff failed to include the requisite certification and failed to consult or attempt to confer with the defendant regarding the allegedly outstanding discovery).

Furthermore, Plaintiff failed to request an extension of the expired discovery deadline or to show good cause for an extension thereof. See generally Fed. R. Civ. P. 6 (in general, the court may extend time for good cause: (a) with or without a motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (b) on motion made after the time has expired if the party failed to act because of excusable neglect); Fed. R. Civ. P 16(b)(4) (a scheduling order may be modified "only for good cause and with the judge's consent."). For these reasons, the Court will deny Plaintiff's motion to compel discovery.

In so doing, the Court notes that it would have denied much of Plaintiff's motion in any event. That is, Defendants' responses and/or objections to Interrogatories/Requests Nos. 7, 11, 12, 13, and 65 were appropriate and bear no further mention. Plaintiff's request for documentation of all "accusation or claims" against Defendants was overly broad, unduly burdensome, and not proportional to the needs of the case. Moreover, these documents are protected by N.C. Gen. Stat. § 153A-98. Defendants, however, are encouraged to determine whether they should produce relevant documents falling within Plaintiff's overly broad request subject to the Court's entry of a protective order.

As for Plaintiff's requests for body cam, dash cam, and Jail surveillance video footage, General Statute 132-1.4A governs requests for disclosure and release of such footage pursuant to North Carolina law, not discovery requests in a federal lawsuit. Smith v. City of Greensboro,

No. 1:19CV386, 2021 WL 10280232, *4 (M.D.N.C. Apr. 28, 2021). In this regard, it appears that Plaintiff could have, but apparently did not, subpoena the footage from third party Yancey County Sheriff's Office. See Fed. R. Civ. P. 45. Plaintiff also could have sought "disclosure" and/or "release" of the footage pursuant to N.C. Gen. Stat. § 132-1.4(c)(1) and (g), respectively. On the other hand, Defendants could have, but did not, offer to produce the requested footage pursuant to the entry of a consent protective order, as needed. Moreover, it appears that the state criminal proceedings against the Plaintiff have been resolved.

Finally, the Court also notes that to the extent Plaintiff's motion is based on Defendant's failure to respond to discovery requests in excess of that allowed under the PTOCMP, it would have been denied. The PTOCMP clearly states that each party is limited to "**twenty (20) single part** interrogatories," not "twenty (20) single part interrogatories per defendant." Moreover, there are only three (3) Defendants in this action. Having propounded by his own count 84 interrogatories, Plaintiff's argument that he believed he was allowed 20 interrogatories per Defendant is unsupported. Moreover, Plaintiff failed to provide the Court with a complete copy of Defendants' responses and his motion fails to clearly set out Defendants' alleged deficiencies on this issue.

Because Defendants sought and the Court granted Defendants' motion to respond to Plaintiff's request outside the then-pending discovery deadline, and given Plaintiff's pro se status, the Court will deny Plaintiff's motion without prejudice and *sua sponte* extend the dispositive motions deadline in this matter to allow the parties to confer regarding the disputed requests and the Plaintiff to seek modification of the PTOCMP, as needed. The parties are strongly encouraged to resolve the outstanding disputes as foreshadowed by this Order without further engagement by the Court.

### III. CONCLUSION

For all these reasons, the Court will deny Plaintiff's motions without prejudice.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Compel [Doc. 26] and Plaintiff's Motion for Appointment of Counsel [Doc. 27] are **DENIED without prejudice** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that the parties have until **March 6, 2025,** to file dispositive motions in this matter.

**IT IS SO ORDERED**.

Signed: January 13, 2025

Graham C. Mullen
United States District Judge